IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

In re:                                            )        Case No. 10-50045
                                                  )
RANDOLPH WAYNE MAYE                               )
                                                  )        Chapter 12
                            Debtor(s)             )

**CHAPTER 12 PLAN INCLUDING NOTICE AND MOTION(S) FOR VALUATION; MOTION(S) TO AVOID CERTAIN LIENS; MOTION(S) FOR ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET FORTH IN THE PLAN**

The following is the Chapter 12 plan proposed by the above-named debtor(s).  The plan may also include in its provisions certain motions to avoid liens, motions for valuation of collateral securing claims, and motions to assume or reject executory contracts and unexpired leases.  (Check the motions applicable to this plan.)

**(X)    Motion to Value Liens Includes Valuation of Property Securing A Claim**
**(X)    Motion to Value Liens includes Valuation of Property Securing A Claim in an Amount Less than the Amount of the Claim**
**( )    Motion to Avoid Liens §522(f)**
**( )    Motion to Assume Executory Contract(s) and Unexpired Leases**
**( )    Motion to Reject Executory Contract(s) and Unexpired Leases**
**( )    No Motions Applicable to this Plan**

<u>TAKE NOTICE:  Your rights may be affected. You should read the plan carefully, including any motions contained in the plan,  and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.</u>

If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

Cases filed in the **Charlotte, Shelby or Wilkesboro** Divisions:
Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

Your objection to confirmation and request for hearing must include the specific reasons for your objection,

**NOTICE OF HEARING**
**A Hearing will be held on March 5th, 2010,  at 9:30 a.m. in United States Bankruptcy Court, located at 207 West Main Street, Wilkesboro, NC  28697.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions.  **Any creditor's failure to**

**object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1225(a)(5)(A).**

STANDING STAY MODIFICATION: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 12 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the debtor in writing about any payment in default; and shall send to the debtor statements, payment coupons or other correspondence that the creditor sends to its non-debtor customers. Such actions do not constitute violations of 11 U.S.C. § 362(a).

1. **FUNDING THE PLAN:**
   The debtor shall pay to the Chapter 12 Trustee the amount of **$643.00** monthly for the payment of administrative, unsecured priority, and unsecured claims. This plan shall last a period of 48 months from the date of filing the petition. The debtors shall use the ongoing income from their chicken farming operation to pay these payments.

2. **Administrative Costs**

   a. Attorney's Fees. The attorney for the debtor(s) has received $**1182.00** of the total attorney fee of $**6,500.00**. The remainder of the fee shall be paid through the plan by the trustee on a pro rata basis with required monthly payments to allowed secured claimants.

   b. Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to 10% on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

   c. Administrative claims and unsecured priority claims shall be treated equally and will be paid on a pro rata basis before unsecured claims.

3. **Filing of Proofs of Claim**

   a. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

   b. The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court

## CLASSIFICATION AND TREATMENT OF CLAIMS

**4. PRIORITY CLAIMS.** All claims entitled to priority under 11 U.S.C. Section 507 and 1222 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

### a. Domestic Support Obligations ("DSOs")

All postpetition DSOs, including postpetition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 12 Trustee unless otherwise specified under the "Special Terms" section of the plan.

i. None –There are no DSO claims in this case.

### c. Priority Claims Other Than DSOs

All priority claims other than DSOs shall be paid in full on a pro rata basis.

i. [ ] None

ii. The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

Name                                                                 Claim Amount

NONE

## 5. SECURED CLAIMS

Other than secured claims that are to be paid as long-term debts pursuant to 11 U.S.C. Section 1222(b)(5), or that are to be paid directly by the debtor(s), the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection.

**a.** For purposes of the plan, the treatment of each claim is specified below. Treatment shall be one of the following: (1) Direct payment by the debtor(s): "**Direct**"; (2) Payment in full by the Chapter 12 Trustee through the plan where Section 506(a) does not apply: "**910/365**"; (3) Payment of the value of the collateral by the Chapter 12 Trustee through the plan where Section 506(a) does apply: "**As valued**"; (4) Debtor(s) will surrender the collateral: "**Surrender**", or (5) File proceeding to determine validity of lien: "**Avoidance**."

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate |
|---|---|---|---|---|---|
| First Citizens Bank | 2007 Ford Escape | $12,000.00 | $9,686.00 – This claim shall be paid as valued prorata at an interest rate of 5.25% over the term of this plan. | | |
| Bank of Granite | 1999 Peterbuilt Truck | $5000.00 | $6500.00 This claim shall be paid as valued prorate at an interest rate of 5.25% over the term of this plan. | | |

To the extent that any of the claims referred to above are secured by mortgage loans on real property, and such claims are scheduled to be paid by the Trustee, then and in that event the Debtors will no longer be making any mortgage payments to any of the designated mortgage servicers and/or their successors and assigns and all such entities are hereby authorized to provide account information to the Chapter 12 Trustee.

**b.** For secured claims to be paid directly by the debtor(s), state below the amount of prepetition arrearages to be paid through the Chapter 12 Trustee:

| Creditor | Collateral | Pre-pet. arrearage | Int. Rate. |
|---|---|---|---|

NONE

If the treatment option for secured claims is "**Surrender**", the debtor(s) surrenders any interest in the collateral securing the claims of the specified creditors. Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

**c.** For claims secured by improved real property or motor vehicles, state below requested insurance information, vehicle mileage, and vehicle identification number.

| Collateral | Insurance Agent and Address | Vehicle Mileage | VIN |
|---|---|---|---|
| 2007 Ford Escape | Nationwide; One Nationwide Plaza; Columbus, OH 43215 | 70,000 | 1FMYU93187KA16277 |
| 1999 Peterbuilt | Heritage Ins. Agency; 929 16th Street NE Suite 270; Hickory NC 26801 | 1,200,000 | 1XP5DB9X9D460846 |

**6. General Unsecured Claims Not Separately Classified.** General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

**7. Special Terms**

    a. [ ] None

    b. Special Treatment of Unsecured Claims

    c. Other Special Terms

**8. Plan Motions:**

### Motion to Value All Liens in Paragraph #5a

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in paragraph 5a. (except those creditors whose claims are classified to be paid directly or to be paid in full by the Chapter 12 Trustee where Section 506(a) does not apply) at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 12 plan as a general unsecured claim without priority. The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

### Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests in Household Goods and Personal Items

4

Case 10-50045    Doc 3    Filed 01/16/10    Entered 01/16/10 18:57:56    Desc Main
                    Document       Page 5 of 6

The debtor(s) is indebted to the following creditors in the amounts stated. As security for the debt, each such creditor insisted upon, and the debtor(s) executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. Section 522(f)(2) and which is held primarily for the personal, family or household use of the debtor(s) or a dependent of the debtor(s). The debtor(s) believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens:

| Creditor | Last 4 Digits of Account/I.D. | Debt Amount | Description of Property |
|---|---|---|---|

**None**

The debtor(s)' interest in any item of property referred to above does not exceed the value claimed as exempt. The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement. The existence of each such creditor's lien on the debtor(s)' household goods and personal items impairs the exemptions to which the debtor(s) would be entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law. The debtor(s) moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor(s)' personal and household goods, effective upon discharge.

## Motion to Avoid Judicial Liens

Judgments were obtained by the creditors listed below in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as follows:

| Creditor | Judgment Book And Page | Registry | Judgment Date | Judgment Lien Amount |
|---|---|---|---|---|

1. NONE

## General Provisions

1. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5.  Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor remains vested in the estate until completion of the plan.

6. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).  See Local Rule 4001-1(e).

7.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 12 case.

I declare under penalty of perjury that the information provided in the Chapter 13 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated 01/15/2010                              /s/ RANDOLPH WAYNE MAYE
                                              Debtor's Signature


I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.
Dated 01/15/2010                              /s/  Thomas C. Flippin
                                                Attorney for the Debtor(s)